# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| **JANE DOE,** | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 2:10CV00017 |
| | ) | |
| v. | ) | **OPINION** |
| | ) | |
| **JEANNIE MULLINS, ET AL.,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendants. | ) | |

*Gary Gilliam, Gilliam Law Office, PC, Wise, Virginia, for Plaintiff; Adam G. Swann, Guynn, Memmer & Dillon, P.C., Salem, Virginia, for Defendants Jeannie Mullins and Wise County Department of Social Services; and Mary Hendricks Hawkins, Assistant Attorney General of Virginia, Abingdon, Virginia, for Defendant Commonwealth of Virginia.*

The plaintiff in this action for damages claims that a local social services case manager failed to protect her from sexually abusive foster parents. I find that the plaintiff cannot prevail in her federal claims and that her state law claims should be determined in state court.

I

The plaintiff Jane Doe, a person with a mental disability, was placed in a foster home by defendant Wise County Department of Social Services ("WCDSS") sometime between March and June 2007. Doe avers in her Amended Complaint that

she was thereafter abused and raped by her foster father beginning at the age of sixteen. Doe also alleges that on several occasions, she told her case manager at WCDSS, defendant Jeannie Mullins, of the abuse and rape and requested to be removed from her foster home. Mullins purportedly ignored her pleas. Doe thus remained in her foster father's home until June 2008 when she turned eighteen. Doe had a child in February 2009. She claims that tests have revealed that Doe's foster father is the biological father of Doe's child.

Doe brings this suit for damages against defendants Mullins, WCDSS, and the Commonwealth of Virginia, asserting federal constitutional claims pursuant to 42 U.S.C.A. § 1983 (West 2003), as well as pendent state law claims, for the physical and emotional harm caused to her as a result of her foster placement.[1] These defendants have all moved to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).[2] The motions have been argued and are ripe for decision.

At this stage of the case, I must accept as true the well-pleaded allegations made by the plaintiff. Doing so, I find that the plaintiff has stated a plausible claim for violation of her substantive due process rights under the Fourteenth Amendment.

---

[1] The action was originally filed in state court and removed to this court. An Amended Complaint was thereafter filed.

[2] The plaintiff has also sued Phillip Quiroz and Trudy Quiroz, the foster parents, but they cannot be found to be served and have not appeared in the action.

*See Doe v. S.C. Dep't of Soc. Servs.*, 597 F.3d 163, 175 (4th Cir. 2010).[3] In spite of that, however, I hold that the defendants cannot be held liable for violation of that constitutional right.

Mullins, sued individually, is entitled to qualified immunity, because the constitutional right alleged to have been violated was not clearly established in this circuit at the time of the events alleged in this case. *Id.* at 176. While the plaintiff seeks to distinguish the facts in *Doe v. South Carolina Department of Social Services* from those in this case, claiming that the conduct here was more egregious, I find the principles to be the same and that precedent controlling.

Doe's federal claims against the Commonwealth of Virginia and the WCDSS must also be dismissed because these defendants are not "persons" for the purpose of seeking damages under § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). In addition, they are immune from a damage suit in federal court by virtue of the Eleventh Amendment. *See Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 765 (2002).

State law requires local departments of social services to perform their child welfare services subject to the direction of the State Commissioner of Social Services

---

[3] The plaintiff also asserts a claim under the Eighth Amendment, but those rights only protect persons who are subject to punishment pursuant to criminal convictions. *See Shakka v. Smith*, 71 F.3d 162, 165 (4th Cir. 1995).

and in accord with regulations adopted by the State Board of Social Services. Va. Code Ann. § 63.2-319 (2007). This high degree of control exercised by the Commonwealth and corresponding lack of autonomy by the local departments, support the determination that WCDSS is properly characterized as an arm of the state, at least in its role of protecting children. *See Perry v. Carter*, No. CIVA297-CV-893, 1998 WL 1745365, at *8 (E.D. Va. July 27, 1998) ("Under Virginia law, the local [agencies] are clearly treated as an arm of the state which facilitates the implementation of the Commonwealth's policy protecting children from abuse and neglect.").[4]

II

For the reasons stated above, I must grant the Motions to Dismiss as to all of the federal constitutional claims asserted by the plaintiff. The parties agreed at oral argument that they would prefer that the state court resolve the remaining state law claims. Accordingly, pursuant to 28 U.S.C.A. § 1367(c), I will decline to exercise supplemental jurisdiction over the plaintiff's state law claims and the action will be

---

[4] Whether any judgment against WCDSS would be paid by the Commonwealth is also a factor to consider, see *Cash v. Ganville Cnty. Bd. of Educ.*, 242 F.3d 219, 223-24 (4th Cir. 2001), although not a determining factor, *see Fed. Mar. Comm'n.*, 535 U.S. at 765. Counsel for WCDSS agreed at oral argument that any judgment against WCDSS would not be paid out of the state treasury.

remanded to state court for determination of those claims. *See Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 387-92 (1998).

A separate order will be entered forthwith.

DATED: July 22, 2010

/s/ JAMES P. JONES
United States District Judge